26922. MAHONE *v.* CALHOUN *et al.,* receivers.

DECIDED NOVEMBER 7, 1938. REHEARING DENIED DECEMBER 10, 1938.

*Lowndes Calhoun,* for plaintiff in error.
*Evins, Quillian & Evins,* contra.

FELTON, J. The receivers appointed by the court in the case of Atlanta Trust Company v. Mortgage Bond & Trust Company sued Linsey Mahone in the municipal court of Atlanta on a series of promissory notes for $28.30 and one for $29.60, being all of an original series of 84 notes, the first 28 of which had been paid. It was alleged in the petition that the notes and the deed securing them were transferred before maturity by the payee in the notes to the Atlanta Trust Company, trustee. The defendant contended that he could not read or write, and that he applied for a loan of $650 and relied on the representations of an officer of the payee that he was signing a note for the amount borrowed, with interest; that he had paid the amount actually borrowed, with interest, and that there was no consideration for the balance alleged to be due on the notes. The judge tried the case without a jury, and found for the plaintiff in the amount sued for. A judge of the superior court of Fulton County overruled a certiorari, and the defendant excepted.

1. The plaintiff in error contends that the judge of the municipal court of Atlanta erred because the judge admitted in evidence a series of paid checks totaling $1449.50 from the payee of the

notes to a person named *"Lindsey"* Mahone, for the reason that there was no evidence to show that they were received and indorsed by the defendant *"Linsey"* Mahone, who testified that he did not receive them or indorse them. This assignment of error is without merit, for the reason that the notes sued upon, the execution of which defendant did not deny on the stand or by plea, were introduced in evidence, and it was within the province of the judge to examine the signatures upon both sets of papers and decide, both as a preliminary inquiry and as a final adjudication, that the signatures of the indorsements of the paid checks were those of the defendant. The defendant testified that he received $650 in cash. No issue of usury was made to the effect that an excessive rate of interest was charged against the defendant on the principal sum of $2099.50, which the court was authorized to find the defendant received from the payee of the notes.

2. The court did not err in sustaining the objection to the question asked one of the plaintiffs' witnesses, as to whether he knew of any irregularities in the conduct of the business of the payee of the notes. It does not appear that the witness was connected with the payee and was in a position to know the answer to the question. It was stated by the defendant's counsel what the purpose of the question was, and it was not necessary to qualify him as to whether there were any irregularities in connection with the loan to the defendant. No error of law appears, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*